IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ALEXANDER J. DENNER, SARISSA CAPITAL MANAGEMENT, L.P., SARISSA CAPITAL DOMESTIC FUND LP, SARISSA CAPITAL OFFSHORE MASTER FUND LP, and SARISSA CAPITAL MANAGEMENT GP LLC, | § § § § § § § § § | No. 80, 2024 Court Below–Court of Chancery of the State of Delaware C.A. No. 2020-1061 |
| Defendants Below, Appellants, | § § § § | |
| v. | § § | |
| STEWART N. GOLDSTEIN, M.D., individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiff Below, Appellee. | § § § § | |

Submitted: February 27, 2024
Decided: March 14, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

**<u>ORDER</u>**

After consideration of the notice of appeal from an interlocutory order, the supplemental notice of appeal, and their exhibits, it appears to the Court that:

(1) On January 26, 2024, the Court of Chancery granted plaintiff below appellee Goldstein's motion for sanctions (the "Opinion").[1] The court found that the

---

[1] *Goldstein v. Denner*, 2024 WL 303638 (Del. Ch. Jan. 26, 2024).

defendants below appellants had not satisfied their discovery obligations by failing to preserve text messages for four of the defendants' custodians. As a sanction, the court imposed two adverse evidentiary inferences that could be rebutted at trial by clear and convincing evidence.[2] On February 5, 2024, the defendants asked the Court of Chancery to certify an interlocutory appeal of the Opinion under Supreme Court Rule 42. Goldstein opposed the application.

(2) On February 26, 2024, the Court of Chancery denied the application to certify an interlocutory appeal.[3] As an initial matter, the Court of Chancery disagreed with the defendants' characterization of the Opinion as one deciding a substantial issue of material importance—a threshold consideration under Rule 42.[4] The court observed that, generally speaking, interlocutory review of a discovery ruling is not warranted because it does not relate to the merits of the underlying case. The court also concluded that the Opinion does not, as the defendants claimed, deprive the defendants of their due process rights. Even though the court noted that it could deny certification because the substantial-issue requirement was not satisfied, the court went on to address the Rule 42(b)(iii) factors relied on by the defendants—Factor B (the Opinion conflicts with other trial court decisions), Factor

---

[2] *Id.* at \*29.
[3] *Goldstein v. Denner*, 2024 WL 776033 (Del. Ch. Feb. 26, 2024).
[4] *See* Supr. Ct. R. 42(b)(i) ("No interlocutory appeal will be certified by the trial court or accepted by this Court unless the order of the trial court decides a substantial issue of material importance that merits appellate review before a final judgment.").

2

A (the Opinion involves a question of law resolved for the first time), and Factor H (interlocutory review of the Opinion may serve considerations of justice). The court concluded that none of the factors weighed in favor of certification.

(3) First, the Court of Chancery was not persuaded by the defendants' claim that the Opinion conflicts with Delaware law or other trial court opinions because: (a) there is no right to an evidentiary hearing on discovery motions; (b) Goldstein satisfied Rule 37's "helpfulness" requirement; and (c) the court's discretionary decision to impose sanctions does conflict with sanctions imposed in other cases. Second, and for similar reasons, the Court of Chancery found without merit the defendants' claim that the Opinion involves an issue of first impression. Third, the court found that considerations of justice will not be served by certifying an interlocutory appeal.

(4) We agree with the Court of Chancery that interlocutory review is not warranted in this case. Applications for interlocutory review are addressed to the sound discretion of the Court.[5] Exercising our discretion and giving due weight to the Court of Chancery's thorough analysis, we conclude that the Court of Chancery's decision in a discovery matter does not meet the strict standards for certification under Rule 42(b). Exceptional circumstances that would merit interlocutory review

---

[5] Del. Supr. Ct. R. 42(d)(v).

of the Opinion do not exist,[6] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal from a discovery ruling.[7]   Trial is scheduled for next month, and the defendants may raise their claims of error on appeal following the entry a final judgment if they are unsuccessful.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] Del. Supr. Ct. R. 42(b)(ii).
[7] Del. Supr. Ct. R. 42(b)(iii).

4